**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MM&S Financial, Inc.,** **Civil No. 02-424 (DSD/SRN)**

**Plaintiff,**

**v.**

**National Association of Securities Dealers, Inc. and NASD Dispute Resolution, Inc.,**

**Defendants.**

**REPORT AND RECOMMENDATION**

---

John S. Jagiela, Esq., on behalf of Plaintiff.

Nancy E. Brasel, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the Honorable John M. Mason, United States Magistrate Judge, on May 24, 2002, on Defendants' Motion to Dismiss (Doc. No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Defendants' Motion to Dismiss be granted.

## I. DEFENDANTS' MOTION TO DISMISS

### A. Factual Background.

Plaintiff MM&S Financial, Inc. (MM&S) is a Securities Exchange Commission (SEC) registered Broker Dealer corporation. In August 2001, MM&S purchased certain assets from Miller & Schroeder Financial, Inc. (Miller & Schroeder), another SEC registered Broker Dealer

NOV 2 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

corporation. Prior to selling its assets to MM&S, Miller & Schroeder is alleged to have fraudulently sold $144,000,000 in municipal bonds (Heritage Bonds) to elderly investors who were informed that the Heritage Bonds were conservative income-producing investments. These investors lost their investment when the bonds defaulted.

Defendant National Association of Securities Dealers, Inc. (NASD) is a private non-profit corporation and self-regulating organization registered with the SEC. Defendant NASD Dispute Resolution, Inc. (Dispute Resolution) is a wholly-owned dispute resolution subsidiary of NASD. Dispute Resolution provides a forum and a code of arbitration procedures for resolving disputes, claims, or controversies arising out of the business of any NASD member.

As a result of their losses, the Heritage Bond investors commenced arbitration proceedings against MM&S, Miller & Schroeder, and others in the NASD Dispute Resolution forum. In addition, the investors commenced a class action fraud suit against MM&S, Miller & Schroeder, and others in the Superior Court of San Diego County, California. That suit was removed by all defendants to United States Bankruptcy Court in this District, and is currently pending before the Honorable Nancy C. Dreher. The class action Complaint includes the following allegation:

> In an effort to frustrate the Heritage Bond holders' claim, Defendants commenced an Asset Purchase Agreement in the summer of 2001 whereby the assets of Miller & Schroeder Financial, Inc. and its affiliates were purportedly conveyed to related party Defendants [including MM&S] for the purpose of rendering Miller & Schroeder Financial, Inc. insolvent. Nonetheless, the business of Miller & Schroeder Financial, Inc. continues under the name of Defendant MM&S Financial, Inc. from the same offices, including Solana Beach, California.

In the present case, MM&S seeks injunctive relief from Defendants' exercise of

jurisdiction over it in the arbitration proceedings. MM&S states that it is not a proper party in the arbitration proceedings because it has no relationship or connection to the bond investors. MM&S' Complaint alleges that by asserting jurisdiction in the arbitration proceedings, Defendants failed to conform to and enforce their own rules, and have violated 15 U.S.C. § 78s(g)(1), the Commerce Clause, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

In support of their motion to dismiss, Defendants argue that the Complaint fails to state a claim upon which relief can be granted, and that Plaintiff failed to name indispensable parties, namely the bond investors.

**B. Discussion.**

**1. Procedural Standard.**

In considering a Rule 12(b)(6) motion to dismiss, the Court assumes all facts alleged in the complaint as true. Hishon v. 799 King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

**2. The Court's Recommendation.**

The Court recommends granting Defendants' motion. The Complaint in the present case fails to state a claim upon which relief can be granted. Consequently, dismissal is proper under Federal Rule of Civil Procedure 12(b)(6). In addition, the Bankruptcy Court has jurisdiction over all of the relevant parties, as well as the power to enjoin the arbitration proceedings if necessary.

Hence, the Bankruptcy Court is capable of providing the relief that MM&S seeks in the present case. Because the Bankruptcy Court already has all of the relevant parties before it, and is familiar with the issue of successor liability, it is also appropriate to grant Defendants' motion and allow that Court to determine whether or not to enjoin the arbitration proceedings. And finally, the arbitration forum contains sufficient procedural safeguards to protect MM&S from being subject to endless claims from former Miller & Schroeder customers. Consequently, it is inappropriate for this Court to consider enjoining those proceedings directly.

**a. Dismissal under Fed. R. Civ. P. 12(b)(6).**

In the present case, Plaintiff has brought two claims: (1) violation of 15 U.S.C. § 78s(g)(1); and (2) violation of United States Constitution. Both of these counts fail to state a claim upon which relief can be granted.

Count 1 fails because 15 U.S.C. § 78s(g)(1) does not provide for a private cause of action. The Section states that "[e]very self-regulatory organization shall comply with the provisions of this chapter, the rule and regulations thereunder, and its own rules." There is nothing in this language that expressly provides for a private cause of action. Moreover, after consulting the relevant legislative history, courts have also concluded that "Congress did not intend to create implied private causes of action for violations of NASD rules." Gustafson v. Strangis, 572 F. Supp. 1154, 1158 (D. Minn. 1983). Accordingly, courts have dismissed complaints based on claims that the NASD violated its own rules. See e.g. Barbara v. New York Stock Exchange, 99 F.3d 49, 54-55 (2d Cir. 1996) (no private right of action based upon NASD's alleged violation of its rules); Brawer v. Options Clearing Corp., 633 F. Supp. 1254, 1258-60 (S.D. N.Y. 1986), aff'd, 807 F.2d 297, cert. denied, 484 U.S. 819 (1987) (no private right of action against

National Securities Exchange for allegedly failing to comply with its own rules); Petrie v. Pacific Stock Exchange, 982 F. Supp. 1390, 1396 (N.D. Cal. 1997) (no private right of action against arbitral forum for allegedly failing to follow its own rules).

Count 2 fails because the NASD does not qualify as a state actor in the context of constitutional claims. As the Second Circuit explained in a similar case, "[a] threshold requirement of plaintiff's constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action." Desiderio v. NASD, Inc., 191 F.3d 198, 206 (2d Cir. 1999), cert. denied, 531 U.S. 1069 (2001). In cases involving the same kinds of allegations as those brought in the present case, courts have repeatedly concluded that the plaintiffs failed to make such a threshold showing. In Desiderio, the court explained,

> The NASD is a private actor, not a state actor. It is a private corporation that receives no federal or state funding. Its creation was not mandated by statute, nor does the government appoint its members or serve on any NASD board or committee. Moreover, the fact that a business entity is subject to "extensive and detailed" state regulation does not convert that organization's actions into those of the state.

Id. See also Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137-39 (2d Cir. 2002); First Jersey Sec., Inc. v. Bergen, 605 F.2d 690, 698-99 (3d Cir. 1979), cert. denied, 444 U.S. 1074 (1980). Moreover, courts have also rejected the particular allegation that the NASD is a state actor when performing its role as arbitration forum sponsor. See Shrader v. NASD, Inc., 855 F. Supp. 122, 124 (E.D. N.C. 1994), aff'd, 54 F.3d 774 (4th Cir. 1995); First Heritage Corp. v. NASD, 785 F. Supp. 1250, 1251 (E.D. Mich.1992).

In accordance with this precedent, the Court recommends that Count 1 be dismissed because 15 U.S.C. § 78s(g)(1) does not provide for a private cause of action, and recommends

that Count 2 be dismissed because the NASD does not qualify as a state actor for purposes of constitutional claims.

**b. Bankruptcy Court.**

The Court also recommends dismissing the present case in deference to the currently pending bankruptcy proceedings. Defendants correctly observe that the Bankruptcy Court already has all of the parties before it, and is familiar with the issue of successor liability. In addition, the issues currently before the Bankruptcy Court are the same as those involved in the arbitration proceedings. And finally, the Bankruptcy Court is capable of staying the arbitration proceedings, and consequently, potentially granting MM&S the relief it seeks in the present case.

The Bankruptcy Code includes the following relevant provisions:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> > **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .
> >
> > **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . .

11 U.S.C. § 362(a). "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Courts have understood these provisions to grant a bankruptcy court significant injunctive power:

> The statutory power of the bankruptcy court to stay actions involving the debtor or its property is not, however, limited to section 362(a)(1) and (a)(3). It has been repeatedly held that 11 U.S.C. § 105 which provides that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," "empowers the bankruptcy court to enjoin parties other than the bankrupt" from commencing or continuing litigation. *In re Otero Mills, Inc.*, 25 B.R. 1018, 1020 (D.N.M.1982).

A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002 (4th Cir.), cert. denied, 479 U.S. 876 (1986). The Eighth Circuit has held similarly that "[a] bankruptcy court has both statutory authority, 11 U.S.C. § 105 (1988), to prevent abuses of process, and common law precedent to exercise its equitable powers. In re Hale, 980 F.2d 1176, 1179 (8th Cir. 1992) citing A.H. Robins, 788 F.2d at 1003.

Because the Bankruptcy Court has jurisdiction over the parties and has the power to stay the arbitration proceedings, it is inappropriate for this Court to enjoin the arbitration proceedings or consider the merits of MM&S defenses to the claims brought against it in those proceedings. The preferable alternative is to grant Defendants' dismissal motion in the present case, and permit MM&S to pursue injunctive relief in the bankruptcy proceeding.

**c. Multiple claimants in the arbitration proceedings.**

The Court is also satisfied that proceeding in the arbitration forum would not expose MM&S to endless claims from former customers of Miller & Schroeder. The NASD Code of Arbitration Procedure (NASD Code) includes a comprehensive procedure for class action claims. Rule 10301 of the NASD Code states the following:

> **(d) Class Action Claims**
>
> (1) A claim submitted as a class action shall not be eligible for arbitration under this Code at the Association.

> (2) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court, or is ordered by a court to an arbitral forum not sponsored by a self-regulatory organization for classwide arbitration. However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.
>
> Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators.

Rule 10314 of the NASD Code includes the following provisions for dealing with multiple common claims:

> **(d) Joinder and Consolidation - Multiple Parties** (1) Permissive Joinder. All persons may join in one action as claimants if they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these claimants will arise in the action. All persons may be joined in one action as respondents if there is asserted against them, jointly or severally, any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all respondents will arise in the action. A claimant or respondent need not assert rights to or defend against all the relief demanded. Judgment may be given for one or more of the claimants according to their respective rights to relief, and against one or more respondents according to their respective liabilities.
>
> (2) In arbitrations where there are multiple Claimants,

> Respondents, and/or Third-Party Respondents, the Director of Arbitration shall be authorized to determine preliminarily whether such parties should proceed in the same or separate arbitrations. Such determination will be considered subsequent to the filing of all responsive pleadings.
>
> (3) The Director of Arbitration shall be authorized to determine preliminarily whether claims filed separately are related and shall be authorized to consolidate such claims for hearing and award purposes.
>
> (4) Further determinations with respect to joinder, consolidation, and multiple parties under this paragraph (d) shall be made by the arbitration panel and shall be deemed final.

As these sections from the NASD Code illustrate, the arbitration forum has sufficient procedural safeguards to protect MM&S from endless claims. If the Heritage Bond investors remain members of a separate class action, under Rule 10301 their claims will become ineligible for arbitration. If, instead, they opt out of the class action, Rule 10314 allows the Director of Arbitration to determine whether it is appropriate for all the claimants to proceed in the same arbitration. As a result, it is inappropriate for this Court to enjoin those proceedings.

**e. Dismissal of claims with prejudice.**

Ordinarily, a pleading dismissed pursuant to Rule 12 should be dismissed without prejudice. Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995); Huselman v. Civic Center Corp., 873 F.2d 1171, 1176 (8th Cir. 1989). Dismissal with prejudice should be used sparingly because it is a drastic sanction. Omaha Indian Tribe v. Tract I–Balckbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.), cert. denied, 502 U.S. 942 (1991); Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971). "An action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [its] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court

procedures.'" Omaha Indian Tribe, 933 F.2d at 1468 (quoting Garrison v. Int'l Paper Co., 714 F.2d 757, 760 (8th Cir. 1983)). In striking this balance, all the facts and circumstances of the case must be considered. Garrison, 714 F.2d at 760.

There are significant facts warranting dismissal with prejudice in this case. A litigant has a duty to draft its complaint in compliance with the applicable rules. When presented with a motion to dismiss, a plaintiff must choose whether to voluntarily seek to amend its complaint or to proceed with the complaint as originally drafted. If a plaintiff were always provided with the opportunity to submit an amended complaint after it was determined that the initial complaint did not meet the requirements of the Federal Rules of Civil Procedure, such a plaintiff would have little incentive to voluntarily comply with the requirements at the pleading stage. The plaintiff would also have no incentive to acknowledge its error when a motion to dismiss is filed, subjecting the courts and the parties to additional burden and expense, which may be avoided. See In re Buffets, Inc., 906 F. Supp. 1293, 1301 (D. Minn. 1995).

As one commentator explained, motions to dismiss are integral "pretrial interception/discouragement mechanisms." Louis, Martin B., Interception and Discouraging Doubtful Litigation: A Golden Anniversary View of Pleading, Summary Judgment, and Rule 11 Sanctions Under the Federal Rules of Civil Procedure, 67 No. Car. L. Rev. 1023, 1033 (1989). The "pretrial interception/discouragement mechanism" of Rule 12 is well served by requiring a party to set forth its claims clearly, as is required by Rule 8. Requiring clarity in pleadings also serves tp enhance the self-policing features embodied in Rule 11. See In re Buffets, 906 F. Supp. at 1298.

In the present case, MM&S did not seek to amend the Complaint, and instead chose to

stand on the Complaint as originally drafted. MM&S perhaps made this choice knowing any amendment would be futile, because 15 U.S.C. § 78s(g)(1) provides no private cause of action. Because amending the Complaint can not solve this problem, the Court is satisfied that MM&S' claims should be dismissed with prejudice. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 297 (9th Cir. 1990) ("the district court's ruling that [the] claim should be dismissed with prejudice was not an abuse of discretion because amendment would not cure the deficiencies in the complaint."), cert. denied, 502 U.S. 921 (1991).

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

Defendants' Motion to Dismiss (Doc. No. 4) be **GRANTED**.

Dated: November 21, 2002.

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 7, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.