UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-424(DSD/SRN)

MM&S Financial, Inc.,

Plaintiff,

v.

**ORDER**

National Association of Securities Dealers, Inc, and NASD Dispute Resolution, Inc.,

Defendants.

This matter is before the court upon plaintiff's objections to Magistrate Judge Susan Richard Nelson's report and recommendation, dated November 21, 2002. [Doc. No. 20.] In her report, the magistrate judge recommended that defendants' motion to dismiss be granted and that plaintiff's cause of action be dismissed with prejudice. After careful review, the court adopts the recommendation of the magistrate judge.

**DISCUSSION**

This court reviews the reports and recommendations of the magistrate judge de novo. See 28 U.S.C. 636(b)(1)(c). A complaint may be dismissed for failing to state a claim upon which relief may be granted if, after taking all facts alleged as true and drawing all reasonable inferences in favor of the non-moving party, the court finds no possible facts under which plaintiff would be

FILED 1-10-03
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 1-10-03
Deputy Clerk's Initials

entitled to relief. See Fed. R. Civ. P. 12(b)(6); Haberthur v. City of Raymore, Missouri, 119 F.3d 720, 723 (8th Cir. 1997). For the reasons stated below, the court finds that the magistrate judge correctly determined that the defendants' motion to dismiss is supported by law.

**I. The Magistrate Judge's Conclusion that the Complaint Failed to State A Claim Upon Which Relief Could be Granted**

In finding for defendants, the magistrate judge properly discussed the reasons why plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

First, the magistrate judge found that plaintiff's claim based on 15 U.S.C. § 78s(g)(1) fails because the statute does not provide for a private cause of action, even when it is alleged that NASD has violated its own rules. See Gustafson v. Strangis, 572 F. Supp. 1154, 1158 (D. Minn. 1983); Barbara v. New York Stock Exchange, 99 F.3d 49, 54-55 (2d Cir. 1996); Brawer v. Options Clearing Corp., 633 F. Supp. 1254, 1258-60 (S.D. N.Y. 1986).

Second, the magistrate judge determined that plaintiff's constitutional claims were unfounded because defendants are not state actors, and thus cannot be sued for constitutional violations. See Desiderio v. NASD, Inc., 191 F.3d 198, 206 (2d Cir. 1999); Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137-39 (2d Cir. 2002).

Therefore, the magistrate judge correctly recommended that defendants' motion be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**II. Plaintiff's Objections**

In its objection and supplemental objection, plaintiff does not challenge the magistrate judge's conclusions that 15 U.S.C. § 78s(g)(1) forecloses a private cause of action, or that defendants are not state actors. Instead, plaintiff contends that (1) it can prove defendants breached their contract with plaintiff, (2) the report and recommendation is factually incorrect because the class action fraud suit against plaintiff was dismissed by the United States Bankruptcy Court, (3) the report and recommendation misstates the bankruptcy court's authority to stay arbitration claims, and finally, (4) that the dispute between plaintiff and defendants raises a question of arbitrability that must be answered by the court.

**a. Plaintiff's Breach of Contract Claim**

Plaintiff asserts that its complaint states a viable claim for breach of contract. [Pl.'s Object. To Report and Recommendation at 2.] The complaint, however, does not state a claim for breach on its face. Although the Federal Rules of Civil Procedure require pleadings to be liberally construed, see Hanson v. Hunt Oil Co., 398 F.2d 578, 581 (8th Cir. 1968), the rules also require that the plaintiff give defendant fair notice of plaintiff's claim. See

Gardner v. First American Title Insurance Co., 294 F.3d 991, 994 (8th Cir. 2002). Plaintiff's complaint fails to state a claim for breach of contract and plaintiff only seeks leave to amend its complaint in its supplemental objection, filed after the magistrate judge's report and recommendation had been issued. Therefore, plaintiff's breach of contract objection must fail as untimely.[1]

**b. Plaintiff's Objection to the Magistrate's Findings and Conclusions Regarding the Bankruptcy Action**

Plaintiff contends that the report and recommendation incorrectly relies on the dismissal of a related action by the United States Bankruptcy Court. Plaintiff also argues that the magistrate judge incorrectly interpreted bankruptcy law. However, the report and recommendation does not rely on the fact that a bankruptcy proceeding was pending at the time the report and recommendation was issued. In fact, the report recommended that plaintiff's claims be dismissed on other grounds before it discussed the bankruptcy proceeding. [Doc. No. 20 at 5-6.] Therefore, plaintiff's objections regarding the issues of the class

[1] Pursuant to Fed. R. Civ. P. 15(a), after responsive pleadings have been filed, a party may amend a pleading only by leave of the court or written consent of the adverse party. Here, even if the court were to grant plaintiff leave to amend the complaint to include a claim for breach of contract, plaintiff's objection would still fail. Private causes of action, including breach of contract claims, are prohibited by 15 U.S.C. § 78s(g)(1). See Gustafson v. Strangis, 572 F. Supp. 1154, 1158 (D. Minn. 1983); In re Olick, 2000 WL 354191, at *4 (E.D. Pa. Apr. 4, 2000).

action in bankruptcy and the magistrate judge's interpretation of bankruptcy law are not persuasive.

**c. Arbitrability Between a Party and the Arbitration Forum is not a Question for the Court**

Plaintiff cites Howsam v. Dean Witter Reynolds, Inc., 2002 WL 31746742 (Dec. 10, 2002), Wheat, First Securities, Inc. v. Green, 993 F.2d 814 (11th Cir. 1993) and Gruntal & Co., Inc. v. Steinberg, 854 F. Supp. 324 (D. N.J. 1994) for the proposition that the question of the arbitrability of the dispute between plaintiff and defendants should be decided by the court. However, those cases are distinguishable from the present case. In the cited cases, both plaintiffs and defendants were parties to the arbitration. See Howsam, 2002 WL 31746742 at * 2; Wheat, 993 F.2d at 815-16; Gruntal, 854 F. Supp. at 328-29. In the present dispute, the defendant is not a party to the arbitration, but the arbiter of the dispute. Therefore, the cases cited by plaintiff are inapposite and do not support plaintiff's objection.

**CONCLUSION**

Accordingly, after conducting a de novo review of the file and record in this matter, the court adopts the magistrate judge's report and recommendation in its entirety. Therefore, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss [Doc. No. 4] is granted.

2. Plaintiff's cause of action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 9, 2003

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.